IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

IN RE:                                    )
                                          )
CARTUS RAY RODGERS,        )    Case No. 14-41824-13
                                          )
        Debtor.                      )

ORDER GRANTING TRUSTEE'S MOTION TO
DENY CONFIRMATION OF CHAPTER 13 PLAN

The Chapter 13 Trustee filed an Amended Motion to Deny Confirmation of Debtor Cartus Ray Rodgers' proposed Chapter 13 Plan.  At a hearing held on October 6, 2014, the parties announced that the only issue remaining relates to the nondisclosure of the Debtor's non-filing spouse's income and expenses.  For the reasons that follow, the Trustee's Motion to Deny Confirmation is GRANTED.

Although a person would not be able to readily discern it from the Debtor's schedules, the Debtor testified at his § 341 meeting of creditors that he is married and that he lives in the same home as his wife and son.  He also testified that he believes his spouse earns between $60,000 and $70,000 per year, although that was only his best guess.  However, he listed no income attributable to his wife on his Schedule I, Form 22C, or Statement of Financial Affairs.  As a result, the Chapter 13 Trustee objected to his proposed Chapter 13 Plan which makes no account for the nonfiling spouse's income or contributions to the household.

In a Response to the Trustee's Motion to Deny Confirmation, the Debtor said, simply, that his spouse "chooses not to cooperate with the filing of the bankruptcy, including not turning over her paystubs or tax returns.  The expenses in Schedule J reflect only what Debtor spends on reasonable and necessary living expenses."

Section 1325(b)(1) of the Bankruptcy Code provides, as relevant here, that if the trustee or holder of an allowed unsecured claim objects to confirmation of a Chapter 13 plan, then the court may not approve the plan unless, as of the effective date of the plan, "the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan."[1] "Disposable income" means "current monthly income received by the debtor," less amounts reasonably necessary to be expended for certain approved items.[2] As relevant here, § 101(10A) of the Bankruptcy Code defines "current monthly income" to include "any amount paid by any entity other than the debtor (or in a joint case the debtor and the debtor's spouse), on a regular basis for the household expenses of the debtor or the debtor's dependents (and in a joint case the debtor's spouse if not otherwise a dependent). . . ."[3] Contributions to household expenses by a nonfiling spouse fit within this definition.[4]

Debtor's counsel stated at the October 6 hearing that, although the Debtor and his wife are married and live together in the same home with their son, the Debtor and his wife are more like "roommates," in the sense that they do not pool income and pay household expenses from the pool. They file separate tax returns and she maintains a separate bank account into which all of her income is

---

[1] 11 U.S.C. § 1325(b)(1)(B).

[2] 11 U.S.C. § 1325(b)(2) and (3).

[3] 11 U.S.C. § 101(10A)(B).

[4] *In re Boatright*, 414 B.R. 526 (Bankr. W.D. Mo. 2009) ("Section 101(10A)(B)'s reference to an 'amount paid by any entity other than the debtor . . . on a regular basis for the household expenses of the debtor or the debtor's dependents' provides a ready framework for the consideration of a non-debtor [spouse's] income.").

2

deposited. None of the debts listed in the Debtor's schedules, including the mortgage on the house in which they live, are joint debts. He alone pays the mortgage, and proposes to continue making the mortgage payment through his Plan. Counsel stated that the Debtor knows little, if anything, about his wife's financial circumstances and could only guess that she earns between $60,000 and $70,000 per year. Debtor's counsel further conceded that, while the Debtor pays the lion's share of the household and child care expenses, the nonfiling spouse does contribute some funds to the running of the household. Nevertheless, she apparently wants no involvement whatsoever in the Debtor's bankruptcy case and refuses to cooperate in providing the Trustee with information about her financial circumstances.

Regardless of how the income and expenses of a nonfiling spouse are to be treated by the courts (discussed below), most courts hold that *disclosure* of such information is mandatory.[5] "Inclusion of the income of the non-debtor spouse is considered necessary in order to derive an accurate picture of the debtor's disposable income for the reason that some portion of it is likely to be applied to the household expenses, thereby affecting the share of the debtor's income required for support."[6] Thus, the Official Forms, use of which are mandated by Federal Rule of Bankruptcy Procedure 1007, require such disclosure.[7] For

---

[5] *See, e.g., In re Reeves*, 327 B.R. 436, 441 (Bankr. W.D. Mo. 2005) ("The majority of the courts that have considered the issue have held that it is not only appropriate but necessary for the court to take into consideration the income of a non-filing spouse in determining whether granting relief to a debtor under Chapter 7 would constitute a substantial abuse.") (citations omitted); *In re Bottorff*, 232 B.R. 171, 173 (Bankr. W.D. Mo. 1999) (requiring that the nonfiling spouse's income and expenses be scheduled and considered in determining the amount of disposable income that is available to fund a Chapter 13 plan and in determining whether a debtor's plan is filed in good faith).

[6] *In re Reeves*, 327 B.R. at 441.

[7] *Id.*

3

example, Schedule I provides: "If you are married and not filing jointly, and your spouse is living with you, include information about your spouse." Official Form 22C provides that, "[i]n addition to Schedules I and J, this statement must be completed by every individual chapter 13 debtor, whether or not filing jointly," and requires married debtors to complete both Column A ("Debtor's Income") and Column B ("Spouse's Income."). Most pertinently, Line 19 of Form 22C provides for a marital adjustment for just such an occasion where one spouse is not a joint filer:

> If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero.

In sum, disclosure of a nonfiling spouse's income is not "voluntary," as the Debtor's written Response seems to suggest. Nevertheless, I recognize that there may be exceptional cases where such disclosure is simply not possible. However, even in such an exceptional circumstance, it would be extremely unlikely, if not impossible, for such a debtor to pass § 707(b) scrutiny.[8] As a result, such a debtor would almost certainly have to be in a Chapter 13 case, as the Debtor here is.

---

[8] *See, e.g., In re Boatright*, 414 B.R. at 532 ("[C]ourts widely agree that a nondebtor spouse's income must be considered in determining whether a debtor's bankruptcy filing should be dismissed as abusive under 11 U.S.C. § 707(b)(3) . . . .") (citations omitted). *See also, e.g., In re Stampley*, 437 B.R. 825 (Bankr. E.D. Mich. 2010) ("In a case where a married debtor files individually, 'courts base their calculation of the debtor's disposable income on the debtor's family budget, including the income and expenses of the nondebtor spouse.'") (citations omitted).

But, even in a Chapter 13 case, § 1325(b) requires a Chapter 13 debtor to devote all "current monthly income" to plan payments, and "current monthly income" expressly includes "any amount paid by any entity other than the debtor . . . on a regular basis for the household expenses of the debtor or the debtor's dependents."[9]

Here, the Debtor's schedules show nothing about what the nonfiling spouse contributes to the household, information the Debtor should be privy to even without access to her tax returns or bank accounts. But in any event, whether he has access to that information or not, without knowing what she contributes to the household and childcare expenses, there is no way of knowing whether he is contributing all "current monthly income" to the Plan. This would be true, by the way, even if she were his roommate, rather than his spouse. In sum, a Plan proposing to pay less than 100% to unsecured creditors cannot be approved without disclosure of regular contributions to the household by a non-debtor.

In addition, the fact that the nonfiling spouse here has relatively significant income highlights the second reason why the Debtor's Plan cannot be confirmed without full disclosure of her income and expenses. In *In re Boatright*, the Court acknowledged that not every marriage falls within a typical "pooled" approach to household finances and thus endorsed a case-by-case analysis of the manner in which the debtor and non-debtor spouse conduct their household finances and apportion the income and expenses accordingly.[10] Regardless of whether the Court were to utilize the case-by-case analysis or a variation of a pooling approach,[11] the

---

[9] 11 U.S.C. § 101(10A)(B); *In re Boatright*, 414 B.R. at 531.

[10] 414 B.R. at 531-33.

[11] *See, e.g., In re Stampley*, 437 B.R. 825, 827 (Bankr. E.D. Mich. 2010) (holding that, in a bankruptcy case filed by only one spouse, when calculating the filing spouse's net disposable

Debtor has not provided sufficient information to make that determination, either. And, the Court is unable to determine whether the Plan has been proposed in good faith.[12] In other words, without the requested information as to her income and expenses, it is impossible to tell whether the Debtor is, in effect, subsidizing his wife's expenses at the expense of his unsecured creditors.[13]

As a result, if the Debtor is unable to provide information about his nonfiling spouse's income, expenses, and contributions to the household, he must propose a plan which pays unsecured creditors in full. Since his Plan does not do that, it cannot be confirmed.

ACCORDINGLY, the Trustee's Motion to Deny Confirmation is GRANTED. The Debtor is ORDERED to file an amended plan within 21 days.

IT IS SO ORDERED.

Dated:  10/7/14                                              /s/ Arthur B. Federman
                                                             Chief Bankruptcy Judge

---

income, the joint expenses of the debtor and the non-filing spouse should be allocated in proportion to their relative incomes).

[12] *In re Bottorff*, 232 B.R. at 173 (courts "have consistently interpreted § 1325 to require the consideration of a non-debtor spouse's income in determining the debtor's [disposable] income and, ultimately, the debtor's good faith in proposing the Chapter 13 plan.").

[13] *See In re Stampley*, 437 B.R. at 827 ("Failure to consider the impact of the nondebtor's spouse's income and proposed expenditures therefrom would leave the debtor's unsecured creditors to subsidize the spouse's expenses.") (citation omitted).